[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15236
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00038-CDL

JOSHUA ALFORD,

Plaintiff - Appellant,

versus

CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA,
a Municipal Corporation of the State of Georgia,
JIM WETHERINGTON,
Mayor, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 23, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Joshua Alford, through counsel, appeals the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), of his civil rights Complaint, alleging violations of his constitutional rights to procedural due process, substantive due process, and equal protection. In his Complaint, Alford contended his constitutional rights were violated when his employment with the Consolidated Government of Columbus, Georgia, was terminated for allegedly viewing pornographic and obscene materials at work, while other municipal employees were not disciplined for similar conduct. Alford asserts several issues on appeal, which we address in turn. The Appellees have moved for sanctions against Alford and his attorney for pursuing a frivolous appeal. After review,[1] we affirm the district court.

## I.

Alford initially contends the district court erred in failing to properly review his claim for a violation of procedural due process. Specifically, he asserts the court's procedural due process analysis only addressed the number of members of the Columbus Personnel Review Board present at his post-termination hearing,

---

[1] We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

and not the additional allegations or issues identified in his counseled Complaint under the rubric of his substantive due process claim. Relying on our decision in *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), Alford maintains the district court was obliged to review all allegations of due process issues, including those made in connection with his substantive due process claim.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and ellipses omitted). Although a complaint attacked under Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires sufficient allegations to raise a right to relief above the speculative level. *Id.* (quotations and alterations omitted).

Federal courts generally abide by the "principle of party presentation," relying "on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). As the Supreme Court has emphasized, "our adversary system is designed around the premise that the parties know what is best for them,

and are responsible for advancing the facts and arguments entitling them to relief." *Id.* To the extent that courts have varied from this general principle, they usually have done so in order to protect the rights of *pro se* litigants. *Id.* at 244-45. Even so, while *pro se* pleadings are liberally construed, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010). This principle is particularly true where a party is represented by counsel, who does not enjoy the leniency afforded *pro se* litigants. *See id.*

Pursuant to Rule 8(a)(2), as well as the general principle of party representation, Alford and his attorney were obligated to set forth the specific grounds supporting the procedural due process claim in order to give the defendants fair notice of the nature of that claim. To the extent that Alford intended to raise a procedural due process claim that transcended the adequacy of the number of Board members present at his post-termination hearing, his Complaint failed to indicate or provide fair notice of this fact. Moreover, particularly as Alford was represented by counsel, the district court was not required to liberally construe the procedural due process claim raised in his

Complaint to encompass those allegations raised solely in connection with his distinct substantive due process claim. Contrary to Alford's suggestion, our decision in *McKinney v. Pate* does not dictate a different conclusion or absolve him and his attorney of an obligation to set forth the specific grounds upon which the procedural due process claim rested. Accordingly, the district court did not err in limiting its consideration of the procedural due process claim to the specific grounds raised in Alford's counseled Complaint.

## II.

Alford next asserts the district court erroneously concluded the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008)*,* precluded his equal protection claim. Specifically, he maintains *Engquist's* prohibition against class-of-one equal protection claims in the public employment context is limited to at-will employees, and does not extend to merit system or civil service employees.

The Equal Protection Clause of the Fourteenth Amendment generally requires government entities to treat similarly situated individuals alike. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). In a traditional employment case brought under the Equal Protection Clause, an employee asserts that he was discriminated against on account of his membership in an identifiable

5

or protected class, such as race, religion, sex, or national origin. *See Engquist*, 553 U.S. at 594-95; *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006) (noting a plaintiff typically must allege that he was treated differently "based on race, religion, national origin, or some other constitutionally protected basis" to establish an equal protection claim). In a "class of one" equal protection claim, however, a plaintiff does not allege discrimination against a protected class or on account of membership in a particular group, but rather, asserts that he has been treated differently from others similarly situated for arbitrary or irrational reasons. *See Engquist*, 553 U.S. at 595-97; *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

In *Engquist*, a state employee alleged she had been effectively laid off for "arbitrary, vindictive, and malicious reasons." 553 U.S. at 594-95. Without qualification or expressed limitation, the Supreme Court broadly held "such a 'class-of-one' theory of equal protection has no place in the public employment context." *Id.* at 594. The Court concluded that, while "the Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently," it has no application when "government employers are alleged to have made an individualized, subjective personnel decision in a seemingly

6

arbitrary or irrational manner." *Id.* at 605. Although the Supreme Court stated a class-of-one theory of equal protection is contrary to the concept of at-will employment, the Supreme Court further reasoned "a government's decision to limit the ability of public employers to fire at will is an act of legislative grace, not constitutional mandate." *Id.* at 606-07.

Alford's attempt to limit *Engquist* to at-will public employees is not supported by the Supreme Court's decision. *Engquist* holds that class-of-one equal protection claims are categorically prohibited in the public employment context, regardless of whether the aggrieved employee is an at-will employee or subject to statutory protection from wrongful discharge. Moreover, the district court correctly construed Alford's equal protection claim as resting on a class-of-one theory. Although Alford insisted that he was a member of the class of merit system employees, he did not suggest that he was treated differently on account of his membership in this particular group, or allege that similarly situated employees outside the class of merit system employees were treated more favorably. To the contrary, his contention was that he was arbitrarily treated differently than other municipal employees. Accordingly, the district court properly concluded that Alford's class-of-one equal protection claim was foreclosed under *Engquist*.

7

III.

The Appellees seek sanctions against Alford and his counsel, in the form of attorneys' fees, pursuant to 28 U.S.C. § 1927.[2]  They maintain that opposing counsel, Ron Iddins, has knowingly and recklessly pursued frivolous claims on appeal that unreasonably multiplied the proceedings.

Pursuant to § 1927, federal courts, including courts of appeals, may require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000) (concluding courts of appeals have authority to award fees and costs under § 1927).  To justify an award of sanctions under § 1927, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotations omitted).  "An

---

[2] The Appellees also seek sanctions under Federal Rule of Appellate Procedure 38, and have filed a corresponding motion for authorization to file an out-of-time request for Rule 38 sanctions.  By separate order, we deny the appellees' motion to seek Rule 38 sanctions out of time, as they have failed to demonstrate a sufficient basis for excusing their failure to comply with the applicable deadline.  *See* 11th Cir. R. 38-1 ("Motions for damages and costs pursuant to FRAP 38 must be filed no later than the filing of appellee's brief.").  We also deny their motion for sanctions to the extent that it relies on Rule 38 as untimely.

attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Id.* (quotations omitted). The standard is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent. *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010). A bad faith determination is warranted where an attorney knowingly or recklessly pursues a frivolous claim. *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). Something more than a lack of merit or negligent conduct is needed to support the imposition of sanctions under § 1927. *Id.*

As previously stated, counsel's contentions on appeal are wholly unsupported by existing law. The challenge to the district court's construction of Alford's procedural due process claim plainly conflicts with both the requirements of Rule 8(a)(2) and the general principle of party presentation upon which our adversary system is based, effectively seeking to absolve counsel of his own shortcomings in drafting Alford's Complaint. Moreover, counsel's attempt to limit the holding of *Engquist* is at least equally frivolous, unsupported by the decision itself and other caselaw. Despite being previously admonished and sanctioned by the district court for ignoring the clear holding of *Engquist*, counsel

has insisted on pursuing an identical claim on appeal. Under the circumstances, counsel has multiplied the proceedings by pursuing frivolous claims in an objectively reckless manner. We therefore grant the Appellees' motion for sanctions to the extent that it relies on § 1927, and remand this case to the district court for the limited purpose of determining the amount of attorneys' fees reasonably incurred by the appellees in litigating this appeal and to assess that amount solely against the appellant's attorney.

IV.

For the foregoing reasons, we **AFFIRM** the district court's dismissal under Rule 12(b)(6), **AWARD SANCTIONS** to the appellees pursuant to § 1927, and **REMAND** the case to the district court to determine and assess a reasonable amount of attorneys' fees for the defense of this appeal.